**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| | § | |
| **BRANDON LAKEITH MONTGOMERY,** | § | |
| **TDCJ No. 01421218,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:17-cv-00133-O-BP** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Brandon Lakeith Montgomery pursuant to 28 U.S.C. § 2254. ECF No. 1. Montgomery challenges the validity of a disciplinary action taken against him. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor TRANSFER the Petition for Writ of Habeas Corpus (ECF No. 1) to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Petitioner is an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, and brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges the validity of disciplinary action No. 20170034447, which was taken against him at the W.J. Estelle Unit in Huntsville, Texas for the offense of damaging or destroying property. *See* ECF No. 1 at 5. This is a Petition for Writ of Habeas Corpus that appears to be

successive because it challenges the same disciplinary proceeding Petitioner challenged in *Montgomery v. Davis, TDCJ-CID*, 7:17-CV-00051-O (N.D. Tex. 2017). Petitioner's earlier Petition was denied, as the court determined that Petitioner was not entitled to habeas relief. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). The claims set forth in the instant petition were raised in Petitioner's earlier petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the instant Petition is successive, this Court is without jurisdiction to entertain the petition unless leave to file is granted by the Fifth Circuit. *See Crone*, 324 F.3d at 836 –37. Here, Petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)–(3). Petitioner's current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this court] asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted).

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may opt to transfer a successive habeas petition to the United States Court of Appeals for the Fifth

Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This appears to be Petitioner's first successive habeas application concerning the validity of the disciplinary action taken against him,[1] and thus transfer is appropriate. *See Adams v. Davis*, No. 3:17-CV-1133-N-BN, 2017 WL 2535863, at *4 (May 2, 2017) (holding that transfer was appropriate when there was not a history of filing successive habeas petitions aimed at the same issue); *United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (holding that petitioner's history of filing successive habeas petitions warranted a "dismissal without prejudice . . . [to] better serve[] the interests of justice than a transfer[.]"). Because this is Petitioner's first successive habeas Petition challenging a disciplinary proceeding, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** the instant Petition to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

---

[1] On March 3, 2007, Petitioner filed a habeas petition challenging his conviction for ineffective assistance of counsel, which was dismissed without prejudice for want of prosecution. *Montgomery v. Quarterman*, No. 3:07-CV-00418-M (N.D. Tex. 2007).

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed September 22, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE